**UNITED STATES of America**

v.

**Dennis Michael CZAP, Appellant.**

**No. 17588.**

United States Court of Appeals Third Circuit.

Argued April 8, 1969.

Decided May 2, 1969.

---

454

Herbert Grigsby, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for appellant.

George E. Schumacher, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, GANEY, and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The appellant, Dennis Michael Czap, a member of the Jehovah's Witnesses, was classified I–O (Conscientious Objector) by his Local Draft Board on May 25, 1964, and again on December 10, 1965, after his case had been reopened. The Appeals Board sustained his I–O classification on January 26, 1966. Czap contended that he was entitled to exemption from military training and service as a "regular and duly ordained minister of religion." The two draft boards concluded that he was not entitled to the exemption since he had not been granted certification as a "Regular Pioneer Minister" by the Watchtower Bible and Tract Society, the governing body of the Jehovah's Witnesses faith. On May 25, 1967, Czap was ordered by his Local Board to report to Norristown State Hospital on June 5, 1967, for two years' civilian work in lieu of military service. He refused to comply with the order and, on August 27, 1967, the Board reported him to the United States Attorney for prosecution. On February 14, 1968, Czap was indicted for violation of the Military Selective Service Act of 1967, 50 U.S.C.A. Appendix § 462(a). He waived his right to a jury trial. He was found guilty and sentenced to a three-year prison term.

It should be noted that prior to sentencing Czap was offered the alternative of complying with the Board's order rather than having the prison sentence imposed. Czap claimed that, as a matter of conscience, he could not accept this alternative.

On this appeal Czap contends, as he did in the court below, that he was denied due process of law when his Local Board refused to re-open his classification after January 26, 1966, the date on which the final I–O classification was affirmed by the Appeals Board, so as to permit him to establish that subsequent developments, including his ordination as a "Regular Pioneer Minister" on November 27, 1967, entitled him to the IV–D exemption.

On review of the record we find no error in the rejection of the stated contention by the trial judge, for the reasons so well stated by Judge Sorg in his Memorandum opinion.

The Judgment of sentence will be affirmed.